THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES DAVIS BENNETT,

    Plaintiff,        Case No. 07-10968

vs.

               HONORABLE NANCY G EDMUNDS
               HONORABLE STEVEN D. PEPE

FLAGSTAR BANK AND DOES 1-25,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

On March 27, 2007, Defendant filed a motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed his response in opposition to Defendants motion and his Rule 56(b) motion for summary judgment on April 16, 2007 (Dkt. #5). All pretrial matters were referred on March 28, 2007 (Dkt. #3). For the reasons indicated below, it is **RECOMMENDED** that Defendants' motion to dismiss be **GRANTED** and Plaintiff's motion for summary judgment **DENIED**.

## I. BACKGROUND

On or about October 6, 2006, Plaintiff was convicted of the following criminal offenses in the United States District Court for the Central District of California, Case No. 8:03-cr-00025-AHS: (1) Wire Fraud, Aiding and Abetting in violation of 18 U.S.C. §1343(2)(b) and (2) Bank Fraud, Aiding and Abetting in violation of 18 U.S.C. §1344(2)(b) (Dkt. #2, Ex. A). Plaintiff was sentenced for one hundred twenty one months. *Id.* On or about October 6, 2006, Plaintiff

1

appealed his conviction by filing a motion for an order to appeal (Dkt. #2, Ex. B).

Federal Bureau of Investigation ("FBI") special agent, Michael E. Rawlins ("S/A Rawlins" sought a warrant for Plaintiff's residence and business. Part of the evidence of criminal activity he used in his warrant application to establish the requisite probable cause for the warrant were copies of three residential loan files Flagstar provided to Rawlins reflecting the $470,000 in monetary losses Flagstar suffered as a result of Plaintiff's criminal activity (Dkt. #2, Ex. C, p. 4). The search warrant obtained by S/A Rawlins allowed the United States to obtain evidence that supported its case in chief against Plaintiff (Dkt. #2, Ex. A). Further, during Plaintiff's criminal trial, Mindy Perry, a representative from Flagstar, testified in support of the prosecution's position that Plaintiff violated 18 U.S.C. §1343(2)(b) and18 U.S.C. §1344(2)(b).

On or about March 6, 2007, Plaintiff filed this lawsuit against Flagstar alleging that it violated his Fourth Amendment right to be free from unreasonable searches and seizures by untruthfully informing S/A Rawlins that Flagstar loaned Plaintiff money and by providing allegedly false testimony through Flagstar's representative Mindie Perry, who verified during Plaintiff's criminal trial that Defendant loaned funds to Plaintiff. The basis for these purported Fourth Amendment violation is Plaintiff's contention that Long Beach City Mortgage Investments, Inc. ("Long Beach"), not Flagstar, was the lender for these transactions. Plaintiff claims that Long Beach's status as the lender prevented the federal government from obtaining proper jurisdiction to secure his convictions because Long Beach is not a "financial institution" as defined by 18 U.S.C. § 20.[1]

---

[1] Flagstar is a Federal Deposit Insurance Corporation, and therefore, a "financial institution" for purposes of obtaining federal jurisdiction under 18 U.S.C. §1343(2)(b) and 18 U.S.C. §1344(2)(b). To establish Federal Jurisdiction, a financial institution providing money

The three mortgage loans that Plaintiff criminally obtained were for properties located at the following addresses: (1) 768 E. 43rd Street, Los Angeles, CA; (2) 1412 W. 94th Street, Los Angeles, CA; and (3) 245 W. 56th Street, Long Beach, CA (Dkt. #6, Ex. B, p. 4). These mortgage loans, all entered into during 1999, listed Long Beach as the mortgagee. Yet, Long Beach's ostensible status as mortgagee does not modify the fact that Flagstar was the true lender for these transactions, which Long Beach brokered. Flagstar's status as lender for these three loans is clearly revealed by the signed "Power of Attorney," "Wholesale Lending" and "Section IX FHA Purchase Agreement Sponsored Loan Correspondent" contracts entered into between Long Beach and Flagstar, the pertinent sections of which are included below:

> Long Beach City Mortgage a Delaware corporation with its principal offices at 2900 Adams St. C-160 Riverside, CA 92504 ("Correspondent") does hereby make, constitute and appoint FLAGSTAR BANK, FSB, a federally chartered savings bank with offices at 2600 Telegraph Road, Bloomfield Hills, Michigan 49302 ("Flagstar") for Correspondent's benefits and in Correspondent's name, place and stead, Correspondent's true and lawful attorney-in fact
>
> To execute, endorse, assign and deliver to Flagstar the following . . .
>
> 2. Any beneficial or mortgagee's interest or assignment thereof, any and all other liens rights and interests, under all mortgages, deeds of trust, security instruments and agreements and other instruments evidencing, making or granting security for the Promissory Notes (Dkt. #6, Ex. F, p. 1).

\*     \*     \*

> Seller [Long Beach] is in the business of originating and selling Second Mortgage Loans and desires to sell Second Mortgage Loans, servicing released, to Flagstar which are to be underwritten pursuant to Flagstar's underwriting standards in effect at the time the applications are submitted for underwriting (Dkt. #6, Ex. G, p. 1).

\*     \*     \*

---

for a loan is required to have their deposits insured by the Federal Deposit Insurance Company ("FDIC"). 18 U.S.C. §1344 and 20.

> WHEREAS, Seller [Long Beach], as an approved FHA Loan Correspondent, desires to sell and assign FHA residential mortgages to Purchaser [Flagstar] (Dkt. #6, Ex. H, p. 1).

The affidavit signed by S/A Rawlins used to secure the search warrant in Plaintiff's criminal cases also indicates that Flagstar was the "financial institution" under 18 U.S.C. § 20 harmed by Plaintiff's criminal activity:

> 5. In January 2002 I received three loan files from Flagstar Bank which related to property flips orchestrated by the targets [Bennett]. Flagstar incurred over $470,000 in monetary losses as a result of these three fraudulent transactions (Dkt. #6, Ex. B, p. 4).

The agreement signed by Flagstar and Long Beach along with the information included in S/A Rawlin's affidavit reveal that Flagstar was the "financial institution" for the three mortgage loans at issue in Plaintiff's criminal trial.

## II. ANALYSIS

### A. **The Legal Standards**

(1) Legal Standard for Motions to Dismiss

A motion challenging the basis for the Court's subject matter jurisdiction is brought under Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir.1986). A Rule 12(b)(1) motion to dismiss will be granted only if, taking as true all facts alleged by the plaintiff, the court is without subject matter jurisdiction to hear the claim. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Fed. R. Civ. P 12(b)(6) also permits dismissal for "failure to state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even in everything alleged in the complaint is

true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). "A judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid.* "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *In re DeLorean*, 991 F.2d 1236, 1240 (6th Cir. 1993) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)). *See also, Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (liberal Rule 12(b)(6) review is not afforded legal conclusions and unwarranted factual inferences); *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review).

 (2) <u>Legal Standard for Summary Judgment</u>

 Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). *See also Lenz*

*v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Moreover, when a motion for summary judgment is filed, the adverse party may not merely rely "upon the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### B. <u>Factual Analysis</u>

In Defendants's motion they ask for dismissal of Plaintiff's Complaint based on two distinct reasons: (1) they allege that Plaintiff's Complaint fails to state a claim upon which relief can be granted against Flagstar due to the doctrine of collateral estoppel which holds that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Shields v. Reader's Digest Association*, 173 F. Supp. 2d 701, 704 (E.D. Mich. 2001) (quoting) *Montana v. United States*, 440 U.S. 147, 153 (1979); and (2)

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Flagstar because Fourth Amendment claims are wholly inapplicable to actions committed by private citizens or entities such as Flagstar. *United States v. Grant*, 920 F.2d 376, 391 (6th Cir. 1991) (citing) *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). In opposition to Flagstar's motion to dismiss, Plaintiff argues that *Biven v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provided him proper legal authority to assert a private cause of action against Flagstar under the Fourth Amendment.

"The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998)(citing *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986)). "The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). Thus, "[q]uite aside from whether the parties raise jurisdictional issues themselves--or even attempt to consent or agree to federal jurisdiction--federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction" (*Id.* at 607).

The parties to a federal civil action cannot create subject matter jurisdiction where none exists. Thus, even the stipulation of the parties does not confer jurisdiction where, for example, no diversity of citizenship or federal question is involved. *Bender v. Williamsport Area School Dist.*, 475 US 534 (1986). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

7

While neither party raises the issue of subject matter jurisdiction, it is apparent that this Court lacks the jurisdiction to hear Plaintiff's Complaint. In *Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (1973), the United States Supreme Court held that suits challenging the fact or duration of a state prisoner's confinement or seeking immediate or speedier release must be brought under the habeas corpus statute and not §1983.[2] The Court expanded its discussion in *Heck v. Humphrey,* 512 U.S. 477, 484-87 (1994), explaining that the requirement in malicious prosecution actions of the termination of the prior criminal proceeding in favor of accused avoids parallel litigation over issues of probable cause and guilt, and it precludes the possibility of plaintiff succeeding in tort action after having been convicted in underlying criminal prosecution, in contravention of strong judicial policy against creation of two conflicting resolutions arising out of same or identical transaction. Thus, to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by federal court's issuance of writ of habeas corpus.

---

[2] Similarly, in *Wilkinson v Dotson*, 544 US 74, 81-82 (2005), in reviewing a number of prior cases concerning such matters, the Court held:

> These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Id.*

In Plaintiff's Complaint, he indicates that he is bringing this action pursuant to 42 U.S.C. § 1983 and *Bivens*. While *Heck* only concerned an action brought under 42 U.S.C. § 1983, the Sixth Circuit has "adopted the rule espoused by the Fifth and Eleventh Circuits that the *Heck* holding applies equally to an action brought under *Bivens*. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir.1995); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir.1994)." *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir.1998). *Heck* thus precludes both Plaintiff's §1983 claim and his *Bivens* claim because, if Plaintiff were to succeed on the merits (i.e., prove that he was falsely imprisoned and/or illegally prosecuted based on evidence obtained in violation of the Fourth Amendment), the judgment would necessarily imply the invalidity of his sentence. *Shamaeizadeh v. Cunigan,* 182 F.3d 391, 396 n. 2 (6th Cir.1999)("Proof of illegality of the conviction is a necessary element of a § 1983 cause of action . . . when . . . the §1983 plaintiff seeks damages for an allegedly unconstitutional conviction or imprisonment.").

Therefore, this Court may not consider Plaintiff's federal claims unless and until his sentence or conviction is overturned. *See Heck*, 512 U.S. at 486-87. Because success on this action would demonstrate the invalidity of Plaintiff's confinement in prison, Plaintiff is required to seek relief by way of a writ of habeas corpus or appeal of the United States District Court for the Central District of California's decision, and may not proceed by way of this civil action under 42 U.S.C. § 1983 or *Bivens*. Accordingly, this case is not cognizable and Defendants' motion to dismiss should be granted pursuant to Fed. R. Civ. P. 12(b)(1).

### III. RECOMMENDATION

For the reasons indicated above, it is **RECOMMENDED** that Defendants' motion to dismiss be **GRANTED** and Plaintiff's motion for summary judgment **DENIED**. The parties to this action

may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Date: June 29, 2007  
Ann Arbor, Michigan

s/Steven D. Pepe  
United States Magistrate Judge

CERTIFICATE OF SERVICE

       I hereby certify that on <u>June 29, 2007</u>, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Alan J. Taylor.</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>James Bennett, #32589-112, FCI Stafford, P.O. Box 9000, Stafford, AZ 85548</u>

                                                <u>s/ James P. Peltier</u>
                                                James P. Peltier
                                                Courtroom Deputy Clerk
                                                U.S. District Court
                                                600 Church St.
                                                Flint, MI 48502
                                                810-341-7850
                                                pete_peliter@mied.uscourts.gov